UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. EDMONDS, JR., | ) | CASE NO. 4:04CV2211 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| | ) | |
| v. | ) | |
| | ) | |
| MAHONING COUNTY, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

The above case is before this Court on a motion for summary judgment filed by Defendant Randall Wellington (Defendant Wellington) in his individual capacity. ECF Dkt. #13. Plaintiff has filed a response in opposition to the motion for summary judgment and Defendant Wellington has filed a reply and a motion to strike two of Plaintiff's exhibits that he attached to his response. ECF Dkt. #s 17, 18, 19. Plaintiff has filed a response to Defendant Wellington's motion to strike and has attached exhibits to the response. ECF Dkt. #20.

For the following reasons, this Court DENIES Defendant Wellington's motion to strike and GRANTS his motion for summary judgment. ECF Dkt. #s 13, 18.

**A.      FACTS AND PROCEDURAL HISTORY**

On November 5, 2004, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against Defendant Mahoning County and Defendant Wellington, the duly elected Sheriff of Mahoning County and head of the Mahoning County Sheriff's Department, the operator of the

1

Mahoning County Justice Center (Justice Center) in Youngstown, Ohio. ECF Dkt. #1. Plaintiff sued Defendant Wellington in both his individual and official capacities. *Id*. Plaintiff also filed suit against Defendant Vincent Moorer, an inmate at the Justice Center. *Id.*

In his complaint, Plaintiff averred that on or about November 6, 2003, he was booked into the Justice Center on misdemeanor charges of "domestic violence and marijuana." ECF Dkt. #1 at 3. He alleged that he was housed in the "F/G" pod pending his arraignment on the charges and inmates in this pod were left out of their cells with no supervision and no restrictions on their movements, and unrestricted access to a microwave oven. *Id*. Plaintiff further alleged that Defendant Moorer, another inmate in the F/G pod, filled two drinking glasses with water and placed them in the microwave, heated the water, removed the glasses from the microwave, and threw the boiling water from the glasses onto Plaintiff's face and neck and then beat Plaintiff with his fists. *Id.* Plaintiff further asserted that during this attack, no deputies were present. *Id*.

Defendants Mahoning County and Wellington answered the complaint on December 29, 2004. ECF Dkt. #8. On February 1, 2005, Defendant Wellington filed the instant motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF Dkt. #13. On March 15, 2005, Plaintiff filed a brief in opposition to the motion for summary judgment. ECF Dkt. #17. On March 31, 2005, Defendant Wellington filed a reply to Plaintiff's opposition brief and also filed a motion to strike two exhibits attached to Plaintiff's response. ECF Dkt. #s 18, 19. On April 21, 2005, Plaintiff filed a response to Defendant Wellington's motion to strike. ECF Dkt. #20.

**B.     MOTION FOR SUMMARY JUDGMENT**

    **1.     STANDARD OF REVIEW**

In his motion for summary judgment, Defendant Wellington asserts that there are no genuine issues of material fact to be litigated in this case and he is entitled to judgment as a matter of law on the issue of

his qualified immunity from liability in his individual capacity. ECF Dkt. #13. Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if a show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion and must identify the portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett* 477 U.S. 317, 323 (1986). The moving party discharges this initial burden if he shows that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial. *Id.; Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The Court must view the evidence submitted in a light most favorable to the nonmoving party in order to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets his burden on summary judgment, then the nonmoving party must take affirmative steps in order to avoid the entry of a summary judgment. Fed.R.Civ.P. 56(e). The nonmoving party must present additional evidence beyond the pleadings which shows by more than a scintilla of evidence support for his position. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). The Court must grant summary judgment unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *Id.* at 249. The Court is not "to weigh

3

the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court must enter summary judgment. *Celotex Corp.*, 477 U.S. at 322.

## 2. QUALIFIED IMMUNITY AND PRETRIAL DETAINEE RIGHTS

Defendant Wellington moves for summary judgment on the basis of qualified immunity. ECF Dkt. #13. The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When officials are sued in their individual capacities, they may be protected from liability from damages if the alleged wrongful conduct was committed while they performed a function protected by qualified immunity. *Anthony v. Vaccaro*, 43 F.Supp.2d 843, 845 (N.D. Ohio 1999), citing *Cagle v. Gilley*, 957 F.2d 1347, 1348 (6th Cir. 1992). In *Champion v. Outlook Nashville, Inc.*, the Sixth Circuit Court of Appeals set forth the three-part test for determining whether qualified immunity applies:

> *First*, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. *Second*, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Third,* we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

380 F.3d 893, 900-901 (2004), quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). If all three of these questions are answered in the affirmative, the Court should not grant qualified immunity. *Id.* at 901.

4

As a pretrial detainee, Plaintiff does not enjoy the protections afforded by the Eighth Amendment to convicted prisoners. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). However, the Fourteenth Amendment protects the substantive rights of pretrial detainees and the Eighth Amendment rights of convicted prisoners are analogized to those of pretrial detainees under the Fourteenth Amendment. *Id.; Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). The same deliberate indifference standard applies to both convicted prisoners and pretrial detainees. *Id*.

Prison officials have a duty to protect inmates from violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)(citations omitted). However, prison officials do not violate a prisoner's rights under the Eighth Amendment every time one prisoner inflicts injury on another. *Id.* at 834. A prison official violates an inmate's Eighth Amendment rights only when two requirements are met. First, "the deprivation alleged must be, objectively, '"sufficiently serious."' *Id*. (internal citations omitted). In other words, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*., quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order for a prisoner to succeed on a claim based on a prison official's failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834, citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Second, it must be shown that a prison official acted with "deliberate indifference" in failing to protect the inmate. *Farmer*, 511 U.S. at 834. A prison official acts with deliberate indifference when he knows that an inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837. The prison official must be aware of facts from which an inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* It is sufficient for an inmate to show that the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Id.* at 842.

Defendant Wellington asserts that he was not at the scene of the assault and thus Plaintiff must establish his supervisory liability under 42 U.S.C. §1983 which requires more than a showing of *respondeat superior* liability. ECF Dkt. #13 at 9-10. Defendant Wellington contends that in order to hold him liable under 42 U.S.C. §1983 for failure to supervise, Plaintiff must show that Defendant Wellington himself either encouraged or participated in the specific incident of misconduct or show that he "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." ECF Dkt. #13 at 9-10, quoting *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999), quoting *Hays v. Jefferson County, Kentucky*, 688 F.2d 869, 874 (6th Cir. 1992). Defendant Wellington asserts that Plaintiff cannot demonstrate such liability because he cannot show that Defendant Wellington had notice or knowledge of any danger to Plaintiff or any prior problems in Plaintiff's pod, and Plaintiff cannot produce evidence of prior threats made against him by Defendant Moorer or prior assaults by Defendant Moorer that would have put Defendant Wellington on notice of a substantial risk of harm befalling Plaintiff. ECF Dkt. #13 at 8. Defendant Wellington affirmatively states in an affidavit that he was not present in the F/G pod when the assault occurred, he had no notice or knowledge of any danger to Plaintiff by Defendant Moorer and he had no notice or knowledge of any prior problems in Plaintiff's pod that would have put him on notice of a substantial risk of harm befalling Plaintiff. *Id*.

The Court GRANTS Defendant Wellington's motion for summary judgment. ECF Dkt. #13. Defendant Wellington is correct that in order to hold him liable under 42 U.S.C. §1983 for failure to supervise, Plaintiff must demonstrate the existence of more than just *respondeat superior* liability.

*Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). However, Plaintiff need not show that Defendant Wellington knew that Plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault. *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004), quoting *Farmer*, 511 U.S. at 842-43. Nor does Plaintiff have to demonstrate that Defendant Wellington knew that Defendant Moorer posed a risk to a larger class of inmates which would have put Defendant Wellington on notice as to a risk of danger to Plaintiff. *Greene,* 361 F.3d at 294, citing *Curry v. Scott,* 249 F.3d 493, 507-08 (6th Cir.2001). Rather, Plaintiff must present sufficient evidence in order to establish that a genuine issue of material fact exists that Defendant Wellington either participated in or encouraged the unconstitutional conduct, or at a minimum, show that Defendant Wellington "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy*, 729 F.2d at 421.

The Court finds that Plaintiff has not presented sufficient evidence in order to overcome Defendant Wellington's qualified immunity. Plaintiff has raised genuine issues of material fact as to suffering a sufficiently serious deprivation as he has a clearly established constitutional right to be secure while in prison and he suffered serious injuries at the hands of Defendant Moorer when Defendant Moorer assaulted him while the one guard assigned to the F/G pod left his post. *Farmer*, 511 U.S. at 842-843. Plaintiff also raises a genuine issue of material fact that "he is incarcerated under conditions posing a substantial risk of serious harm" as the findings in Judge Dowd's Memorandum Opinion in *Roberts* establish that the Justice Center in late 2003 was overcrowded, overpopulated and understaffed and these conditions subjected inmates and staff to an unreasonable risk of violence and harm. ECF Dkt. #17 at 9-11; *Roberts*, 4:03CV2329 at 30. Judge Dowd noted that in the month prior

7

to and in the month in which Plaintiff was assaulted, evidence established that the highest numbers of fighting and assault charges in the Justice Center were recorded, with thirty fights and five assaults recorded. *Id*. at 28-29. Such inmate-on-inmate violence occurring regularly when the jail was overcrowded could possibly form the basis of establishing that a substantial risk of serious harm existed. *See Street v. Corrections Corporation of America,* 102 F.3d 810, 817 (6th Cir. 1996); *Fisher v. Cocke County*, No. 95-5359, 97 F.3d 1451, 1996 WL 520793 at *4 (6th Cir. Sept. 12, 1996), unpublished. The Court therefore finds that Plaintiff has met his burden of overcoming the first two prongs of establishing qualified immunity for Defendant Wellington as set forth in *Champion* as he establishes genuine issues of material fact relating to the violation of his clearly established constitutional rights.

However, Plaintiff must also overcome the third prong set forth in *Champion* by showing that Defendant Wellington acted with "deliberate indifference" in failing to protect him. *Farmer*, 511 U.S. at 834. A prison official acts with deliberate indifference when he knows that an inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837. Plaintiff again relies on Judge Dowd's findings of fact in *Roberts* and points to the high number of assaults and fights in the Justice Center during the month prior to and the month in which he was assaulted. Judge Dowd found, based upon an expert report, that "the jail was a dangerous place that was out of control." *Roberts,* 4:03CV2329 at 29. Judge Dowd further found that "[t]he conditions at the Mahoning County Jail for 2003 and 2004 were unsafe and placed inmates as well as staff at a high and unreasonable risk of harm." *Id.* at 30. Judge Dowd also noted that one of the experts in the case had reported that staff assigned to the Justice Center had "little or no training and

8

policy direction to perform at levels compliant with minimum confinement standards." *Id.* at 34. Judge Dowd found that the population at the Justice Center far exceeded its capacity and the lack of adequate staffing placed the security and safety of inmates and staff at risk. *Id.* at 41. The Memorandum Opinion also indicates that Defendant Wellington added bunks to the pods at the Justice Center and doubled the bunks in the F/G pod without a variance. *Id.* at 14. Moreover, Judge Dowd found that Defendant Wellington and Defendant Mahoning County also continued to negotiate to accept federal inmates into the overpopulated Justice Center around this time. *Id.* at 15.

Despite Judge Dowd's findings, Plaintiff nevertheless fails to meet his burden of showing that Defendant Wellington specifically encouraged, participated in or implicitly approved, authorized or knowingly acquiesced in a constitutional violation known to him that he had the means or authority to prevent. *See Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). Plaintiff alleges that Defendant Wellington knowingly overcrowded and understaffed the Justice Center and this fact meets the deliberate indifference standard in order to hold Defendant Wellington liable for the constitutional violations. However, such facts show that a genuine issue of material fact exists as to a substantial risk of serious harm existing at the Justice Center. Plaintiff still fails to show that Defendant Wellington was personally responsible for the deficiencies, shortcomings or problems at the Justice Center over which he had the ability or power to prevent or stop. Further, while Plaintiff relies almost exclusively on the findings and conclusions in Judge Dowd's Opinion relating to overcrowding and/or alleged understaffing, Judge Dowd's Opinion did not concern the individual liability of Defendant Wellington and thus is inapposite in this case.

Moreover, Judge Dowd ultimately found in *Roberts* that the insufficient staffing problem at the Justice Center during the relevant time periods was a "direct result of an absence of funding to enable the elected Sheriff of Mahoning County to staff the two facilities with sufficient personnel to secure the safety of both the inmates and the staff." *Roberts*, Case No. 4:03CV2329 at 41 (N.D. Ohio Mar. 10, 2005). The Sixth Circuit Court of Appeals has been reluctant to impose individual liability in situations where funding deficits led to overcrowding and dangerous prison conditions. For example, in *Birrell v. Brown,* the Sixth Circuit found that Brown, a director of the state prison system sued in his individual capacity by an inmate assaulted in prison and alleging overcrowding and understaffing, was not individually liable for these conditions, finding that he "might somehow be directly responsible for the alleged understaffing, but only if he was not hampered by budgetary constraints." 867 F.2d at 959. Plaintiff here, as the plaintiff in *Birrell*, fails "to allege that [Wellington] did anything other than the best he could with the money provided by the legislature" and Defendant Wellington could not "exercise as much control as might be desired due to a lack of funds." *Id*.

Plaintiff also asserts that Defendant Wellington is individually liable because Officer Iberis, the only guard for F/G pod, left his post and therefore left the inmates unsupervised, which in and of itself created an unreasonable risk of serious harm as inmates were left unsupervised in the pod with a microwave oven which could be used as a weapon. However, Plaintiff fails to carry his burden of showing anything more than the existence *of respondeat superior* liability with this allegation against Defendant Wellington. Plaintiff also fails to raise any other facts relating to Officer Iberis leaving his post that would establish Defendant Wellington's individual liability. While a factual dispute exists as to the reasons why Officer Iberis left the F/G pod, Plaintiff fails to allege or show whether Officer Iberis leaving his post with a lack of backup coverage could be traced to any liability, policy or edict of

10

Defendant Wellington. Plaintiff contended that Officer Iberis left the pod in order to monitor another pod and had to exit Plaintiff's pod in order to go to the adjacent pod, while Officer Iberis, in his affidavit attached to Defendant Wellington's motion for summary judgment, attests that he was assigned to the F/G pod and he was transporting inmate food trays from the open area of the F/G pod to an indirect closed area of the pod behind the open area. ECF Dkt. #13; ECF Dkt. #17 at 12. But Plaintiff provides no support for his allegation that Officer Iberis left the pod to cover another pod and he provides no support linking Officer Iberis leaving the pod to any liability of Defendant Wellington beyond mere *respondeat superior* liability. "The individual liability of officials under section 1983 must be based on their own unconstitutional behavior-not merely the right to control the actions of employees or the failure to act." *Davis v. Fentress County Tennessee,* 6 Fed.Appx. 243, 250-251, No. 99-6320, 2001 WL 223625 at **5 (6th Cir. Mar. 2, 2001), citing *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir.1990).

For these reasons, the Court finds that Plaintiff has failed to meet his reciprocal burden on summary judgment of showing that Defendant Wellington specifically encouraged, participated in or implicitly approved, authorized or knowingly acquiesced to a constitutional violation known to him that he had the means or authority to prevent. The Court therefore GRANTS Defendant Wellington's motion for summary judgment on the basis of qualified immunity from suit in his individual capacity.

## C. MOTION TO STRIKE

The Court notes that Defendant Wellington had filed a motion to strike two exhibits that Plaintiff attached to his response to the motion for summary judgment. ECF Dkt. #18. Defendant Wellington moves this Court to strike Plaintiff's Exhibit A to his response which is a copy of a Staffing Plan Report

11

for the Mahoning County Jail and Minimum Security Jail prepared for the Fraternal Order of Police by Robert B. Pace of Managed Confinement, L.L.C. ECF Dkt. #s 17, Exhibit A; ECF Dkt. #18. Defendant also moves the Court to strike Plaintiff's Exhibit B, which is a copy of a Memorandum Opinion authored by United States District Court Judge David D. Dowd of the Northern District of Ohio in the case of *Roberts v. County of Mahoning,* Case No. 4:03CV2329 (N.D. Ohio March 10, 2005). Defendant Wellington asserts that both of these exhibits are not properly authenticated and therefore not admissible under Rule 56(e) of the Federal Rules of Civil Procedure. ECF Dkt. #18. Defendant cites *Federal Express Corporation v. United States Postal Service*, 75 F.Supp.2d 807, 815 (W.D. Tenn. 1999) as support for the proposition that Plaintiff's exhibits are inadmissible as they are neither authenticated nor attached to an affidavit. ECF Dkt. #18. Plaintiff responded to this motion and attached a certified copy of Judge Dowd's Opinion in *Roberts* and an affidavit from Plaintiff's counsel attesting that the Staff Planning Report that he attached to his response to the motion for summary judgment is the same Report that Judge Dowd incorporated and referenced in his *Roberts* Opinion. ECF Dkt. #20.

The Court DENIES Defendant Wellington's motion to strike Plaintiff's Exhibits A and B as MOOT because the Court used the challenged exhibits and the information contained therein in determining Defendant Wellington's motion for summary judgment and nevertheless found in favor of Defendant Wellington on the issue of his qualified immunity. Thus, even presuming that the Exhibits were properly authenticated and the information contained therein could be used in determining the motion for summary judgment, Plaintiff's use of these Exhibits did not help him overcome his burden on summary judgment in order to defeat Defendant Wellington's motion for summary judgment. Moreover, Plaintiff filed a response attaching a certified copy of the *Roberts* Opinion and attached an

affidavit from his counsel attesting that the Staff Planning Report that he attached to his response to the motion for summary judgment in this case is the same Staff Planning Report and contains the same information as the Staff Planning Report referenced and incorporated into Judge Dowd's Opinion in *Roberts*.

### D.     CONCLUSION

Because Plaintiff fails to meet his burden on summary judgment of establishing that Defendant Wellington specifically encouraged, participated in or implicitly approved, authorized or knowingly acquiesced to a clearly established constitutional violation known to him, the Court GRANTS Defendant Wellington's motion for summary judgment and finds that Defendant Wellington is entitled to qualified immunity. ECF Dkt. #13. By virtue of this Court using all exhibits attached to Plaintiff's response to the motion for summary judgment and still granting Defendant Wellington's motion for summary judgment on the issue of qualified immunity, the Court DENIES Defendant Wellington's motion to strike Plaintiff's Exhibits A and B as MOOT. ECF Dkt. #18.


  May 5, 2005                                                                   */s/George J. Limbert*
Date                                                                            GEORGE J. LIMBERT
                                                                                U.S. MAGISTRATE JUDGE